**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON, LLC,<br><br>Debtor | Case No. 14-00279<br><br>Chapter 11 |
| In re:<br><br>SPECIALTY HOSPITAL OF AMERICA, LLC,<br><br>Debtor | Case No. 14-00295<br><br>Chapter 11 |
| In re:<br><br>SHA HOLDINGS, INC.,<br><br>Debtor | Case No. 14-00296<br><br>Chapter 11 |
| In re:<br><br>SHA MANAGEMENT, LLC,<br><br>Debtor | Case No. 14-00297<br><br>Chapter 11 |
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON NURSING CENTER, LLC,<br><br>Debtor | Case No. 14-00298<br><br>Chapter 11 |
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON HADLEY, LLC,<br><br>Debtor | Case No. 14-00299<br><br>Chapter 11 |
| In re:<br><br>SHA HADLEY SNF, LLC,<br><br>Debtor | Case No. 14-00300<br><br>Chapter 11 |

**DEBTORS' MOTION FOR ORDER DIRECTING
<u>JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), Specialty Hospital of Washington, LLC ("**SHDC**") and certain of its

404506563v3

affiliates (collectively, the "**Debtors**"),[1] as debtors and debtors in possession, respectfully request entry of an order authorizing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this motion (this "**Motion**"), the Debtors state as follows:[2]

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On April 23, 2014, an involuntary petition for relief under chapter 11 of the Bankruptcy Code was filed against SHDC in the U.S. Bankruptcy Court for the District of Delaware ("**Delaware Court**"). On May 9, 2014, the Delaware Court transferred the case to this Court. On May 21, 2014, SHDC filed an *Answer and Consent to Entry for Relief*. Also on May 21, 2014, all of the Debtors (except SHDC) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's federal identification number are: Specialty Hospitals of America, LLC (1347), SHA Holdings, Inc. (1943), SHA Management, LLC (1350), Specialty Hospital of Washington, LLC (1352), Specialty Hospital of Washington Nursing Center, LLC (1348), Specialty Hospital of Washington Hadley, LLC (2586), and SHA Hadley SNF, LLC (1976).

[2] Pursuant to Rule 9013-1(b)(2) of the Local Bankruptcy Rules of this Court, the Debtors exercise their right to combine the memorandum of facts and law with this Motion.

404506563v3

4. General information about the Debtors, their assets and liabilities, and the events leading to their bankruptcy cases are detailed in the *Declaration of Edwin Clark, Chief Financial Officer of the Debtors, in Support of First Day Motions*.

### Relief Requested

5. Pursuant to Rule 1015(b) of the Bankruptcy Rules, the Debtors respectfully request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these chapter 11 cases will affect all Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of their chapter 11 cases. Specifically, the Debtors request that this Court maintain one file and one docket for all of the Debtors' chapter 11 cases under the case of SHDC and that these chapter 11 cases be administered under one caption as follows:

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | Case No. 14-00279 |
| SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*, | Chapter 11 |
| Debtors.[3] | (Jointly Administered) |

### Basis for Relief Requested

6. Pursuant to Rule 1015(b) of the Bankruptcy Rules, if two or more petitions are

---

[3] The debtors in these chapter 11 cases and the last four digits of each debtor's federal identification number are: Specialty Hospital of America, LLC (1347), SHA Holdings, Inc. (1943), SHA Management, LLC (1350), Specialty Hospital of Washington, LLC (1352), Specialty Hospital of Washington Nursing Center, LLC (1348), Specialty Hospital of Washington Hadley, LLC (2586), and SHA Hadley SNF, LLC (1976).

3

pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). In this case, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of Specialty Hospital of Washington, LLC; accordingly, this Court has the authority to grant the relief requested herein.

7.  Because many of issues that will face the Debtors in these cases will overlap, virtually all of the pleadings filed in these chapter 11 cases will relate to relief sought jointly by or against all Debtors. The Debtors also anticipate that their chapter 11 cases will proceed on the same timetable and that most, if not all, of the notices, applications, motions and other pleadings filed and orders entered in these cases will affect all Debtors. Thus, good cause exists for the Court to consolidate these cases for procedural purposes.

8.  Joint administration of the Debtors' respective estates will also ease the administrative burden on the Court, the Debtors, and parties in interest. *First*, joint administration will relieve the Court and the Clerk of the Court of entering duplicative orders and maintaining duplicative files and dockets. *Second*, the Debtors and their estates will save substantial time and expense because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders. *Third*, the U.S. Trustee and other parties in interest will similarly benefit because joint administration of these cases will eliminate the need to spend time and effort reviewing duplicative pleadings and papers.

9.  Moreover, joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates, not substantive consolidation. As such, creditors may still file claims against each Debtor's estate.

4

10. Finally, this Court has previously ordered joint administration of related cases. *See, e.g.*, *In re Barrack's Row Ent Group LLC*, No. 14-00168 (Bankr. D.D.C. April 2, 2014); *In re NETtel Corp.*, No. 00-01771 (Bankr. D.D.C. Nov. 8, 2000); *In re The Greater SE Comm. Hosp. Foundation Inc.*, No. 99-01159 (Bankr. D.D.C. July 1, 1999).

## **Notice**

11. The Debtors have provided notice of this Motion to: (i) the Office of the U.S. Trustee; (ii) the Debtors' thirty-five largest creditors; (iii) the Debtors' prepetition lenders; and (iv) any party directly affected by this Motion. In light of the nature of the relief requested, the Debtors respectfully submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested and such other and further relief as the Court deems just and proper.

Dated: May 21, 2014                Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ *Patrick Potter*
Patrick Potter (426514)
Jerry Hall (976461)
Dania Slim (991689)
2300 N Street, NW
Washington, DC 20037-1122
Telephone:  (202) 663-8000
Facsimile:  (202) 663-8007
patrick.potter@pillsburylaw.com
jerry.hall@pillsburylaw.com
dania.slim@pillsburylaw.com

Andrew M. Troop (admitted *pro hac vice*)
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

*Counsel for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*,<br><br>Debtors.[1] | Case No. 14-00279<br><br>Chapter 11<br><br>(Joint Administration Requested) |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon Debtors' motion for entry of an order ("**Order**") directing the joint administration of the captioned and noted related chapter 11 cases (the "**Motion**")[2] and the *Declaration of Edwin Clark, Chief Financial Officer of the Debtors, in Support of First Day Motions*; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's federal identification number are: Specialty Hospital of America, LLC (1347), SHA Holdings, Inc. (1943), SHA Management, LLC (1350), Specialty Hospital of Washington, LLC (1352), Specialty Hospital of Washington Nursing Center, LLC (1348), Specialty Hospital of Washington Hadley, LLC (2586), and SHA Hadley SNF, LLC (1976).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings given such terms in the Motion.

404506563v3

(iii) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties in interest; and the Court finding that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 14-00279.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| In re: SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*, Debtors.[3] | Case No. 14-00279<br>Chapter 11<br>(Jointly Administered) |
|---|---|

---

[3] The debtors in these chapter 11 cases and the last four digits of each debtor's federal identification number are: Specialty Hospital of America, LLC (1347), SHA Holdings, Inc. (1943), SHA Management, LLC (1350), Specialty Hospital of Washington, LLC (1352), Specialty Hospital of Washington Nursing Center, LLC (1348), Specialty Hospital of Washington Hadley, LLC (2586), and SHA Hadley SNF, LLC (1976).

2

404506563v3

4.      An entry shall be made on the docket of each of Debtor's case, other than that of SHDC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: Specialty Hospitals of America, LLC, Specialty Hospital of Washington, LLC, Specialty Hospital of Washington Nursing Center, LLC, Specialty Hospital of Washington Hadley, LLC, and SHA Hadley SNF, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-00279.

5.      The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list.

6.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

7.      The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

cc:

All attorneys who have entered an appearance and who are registered e-filers.

4

404506563v3