IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 14-bk-00279 |
| | ) | |
| Specialty Hospital of Washington, LLC, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

**UNITED STATES' OBJECTION TO DEBTORS' MOTION TO APPROVE BIDDING PROCEDURES UNDER 11 U.S.C. § 363 AND FOR VARIOUS OTHER RELIEF**

The United States hereby objects to debtors' motion to approve the bidding procedures in connection with a proposed sale of substantially all of its assets pursuant to 11 U.S.C. § 363 as well as its request for other miscellaneous relief. In support of its objection, the United States avers as follows:

On May 29, 2014, the Court held a hearing on debtors' revised motion to obtain debtor-in-possession financing ("DIP Motion"). Over the course of the entire day, debtors, Silver Point (the proposed Stalking Horse bidder), and BB&T reached an agreement whereby Silver Point would acquire BB&T's note (and accordingly, its secured interest) over certain of debtors' assets. At the end of the day, debtors requested that any ruling on the DIP motion be adjourned until today, May 30, 2014, and that debtors' motion to approve the bidding procedures also be heard today. As a result of the acquisition of BB&T's note, Silver Point's interest in debtors' assets fundamentally changed, as did its posture with respect to any potential acquisition of those assets. Because of this change in posture, the nature of the proposed sale is also fundamentally different and changes to the bidding procedures are necessary.

1

As of this writing (May 30, 2014 at 9:45 a.m.), debtors have not filed any revised draft of the bidding procedures motion, although debtors have informed the United States that a revised version is forthcoming.  Accordingly, the United States is submitting this objection in order to protect and preserve any objection it may have to the bidding procedures and the associated proposed sale.

Briefly stated, the United States raises the following objections based on what it has been able to glean from what it believes debtors' motion will state.  *First*, debtors' request that the bidding procedures be approved without adequate notice to all the parties in interest and without sufficient time to object is unacceptable.  Resolution of debtors' motion should be postponed until adequate notice and the opportunity to object have been provided.

*Second*, the bidding procedures are set up to foreclose any meaningful chance that another party would submit a rival bid.  To constitute a qualifying bid, any rival to bid to Silver Point's must have a value that is at least 5% larger than Silver Point's (which is estimated to be over $3 million and is defined as the "Breakup Fee"), pay Silver Point's expenses, and include an extra $100,000.  (See Docket No. 68, ¶48.)  In addition, rival bidders are expected to make good faith deposits in order to qualify to bid.  (See id.)  And, debtors do not commit to allow potential bidders the opportunity to conduct any meaningful due diligence into their operations.  (See id., ¶47.)  Given the expansive protections afforded to Silver Point in the DIP Motion, none of the protective provisions in the bidding procedures are necessary and should all be rejected.

*Third*, the bidding procedures motion provides for payments to debtors' former directors. While those payments are supposedly being removed, until the payments are actually removed, the United States will object to any payment to debtors' former directors.

*Finally*, provisions of the proposed bidding procedures order are unnecessary and may be interpreted as preventing any creditor from raising any meaningful objection to the anticipated sale motion. That is, the Debtors propose that the Court find that "[a]ll objections to entry of this Order that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections, are overruled." (Docket No. 68, ¶21.) Given the non-existent period that Debtors have provided for review and comment on their bidding procedures motion, the Court should expressly permit all parties to reserve their rights to object to the anticipated sale motion, including on grounds that may otherwise be more appropriately raised as objections to the bidding procedures motion.

//

//

//

//

//

//

//

WHEREFORE, for the foregoing reasons, debtors' bidding procedures motion should be denied in its entirety.[1]

DATE: May 30, 2014               Respectfully submitted,

                                                      RONALD C. MACHEN, JR.
United States Attorney

KATHRYN KENEALLY
Assistant United States Attorney

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-2250
Facsimile: (202) 514-6866
Christopher.J.Williamson@usdoj.gov

---

[1] The United States notes that, if debtors' motion is approved, CMS, debtors, and Silver Point have made some "mutually acceptable" changes to the bidding procedures order since it was originally filed that resolved some of the United States' objections to the bidding procedures. A new proposed order reflecting those changes will be presented at the hearing.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 30, 2014, I electronically filed the foregoing United States' Objection to Debtors' Motion to Approve Bidding Procedures Under 11 U.S.C. § 363 and Various Other Relief with the Clerk of the Court using the CM/ECF system.

<u>/s/ Christopher J. Williamson</u>
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Washington, DC 20044
Tel: (202) 307-2250
Fax: (202) 514-6866
christopher.j.williamson@usdoj.gov