**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*,<br><br>Debtors.[1] | Case Nos. 14-00279 and 14-00295 through 14-00300<br><br>(Chapter 11)<br><br>(Jointly Administered Under Case No. 14-00279) |

**OPPOSITION TO PETITIONING CREDITORS' EMERGENCY MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE FOR SPECIALTY HOSPITAL OF WASHINGTON, LLC**

Specialty Hospital of Washington, LLC ("**SHDC**") and certain of its affiliates (collectively, the "**Debtors**"), as debtors and debtors in possession, respectfully submit this opposition (the "**Opposition**")[2] to the *Petitioning Creditors' Emergency Motion for an Order Directing the Appointment of a Chapter 11 Trustee* (the "**Trustee Motion**") [Doc. 11]. In brief, the Trustee Motion should be denied for the following reasons, among others: *First*, it is unclear that the Petitioning Creditors intend to prosecute the Trustee Motion, given the process that has been put in place to conduct a prompt sale of the Debtors' businesses. The Debtors should not be required to defend a motion that is not intended to be pursued. *Second*, the Trustee Motion

---

[1] The debtors in these chapter 11 cases and each debtor's federal identification number ("EIN") and chapter 11 case number are: Specialty Hospital of Washington, LLC (EIN: 81-0681352; Case No. 14-00279), Specialty Hospital of America, LLC (EIN: 81-0681347; Case No. 14-00295), SHA Holdings, Inc. (EIN: 20-5741943; Case No. 14-00296), SHA Management, LLC (EIN: 81-0681350; Case No. 14-00297), Specialty Hospital of Washington Nursing Center, LLC (EIN: 81-0681348; Case No. 14-00298), Specialty Hospital of Washington Hadley, LLC (EIN: 20-5752586; Case No. 14-00299), and SHA Hadley SNF, LLC (EIN: 20-5741976; Case No. 14-00300).

[2] Pursuant to Rule 9013-1(b)(2) of the Local Bankruptcy Rules of this Court, the Debtors exercise their right to combine the memorandum of facts and law with this Opposition. The Debtors reserve the right to supplement this Opposition should the Petitioning Creditors appear through counsel admitted to practice in this Court and prosecute the Trustee Motion.

rests on mischaracterizations of fact and incorrect assertions that do not support appointment of a chapter 11 trustee.

In further support of this Opposition, the Debtors state as follows:

## Background

**The Debtors' Businesses**

1. General information about the Debtors, their businesses, assets and liabilities, and the events leading to their bankruptcy cases are detailed in the *Declaration of Edwin Clark, Chief Financial Officer of the Debtors, in Support of First Day Motions* [Doc. 73].

2. The Debtors collectively own and operate two long-term acute care hospitals ("**LTAC**"), each of which has an accompanying skilled nursing facility ("**SNF**").

3. One of the Debtors' facilities (including the LTAC operated by SHDC), is located at 700 Constitution Avenue, NE, Washington, DC (the "**Capitol Hill Facility**"). The Capitol Hill Facility serves mostly Medicare and Medicaid patients.

4. The other facility is located at 4601 Martin Luther King Jr. Avenue, SW, Washington, DC (the "**Hadley Facility**" and together with the Capitol Hill Facility, the "**Facilities**"). The Hadley Facility houses an 82-bed LTAC, a 62-bed SNF, and a surgical suite primarily for the benefit of the Hadley Facility's patients and residents.

5. To provide high quality care to their patients and residents, the Debtors currently employ approximately 790 people.

**Procedural History**

6. On April 23, 2014, six alleged creditors (the "**Petitioning Creditors**"), represented by the law firm of Phillips, Goldman & Spence, P.A. ("**Phillips Goldman**"), filed an

involuntary chapter 11 bankruptcy petition against SHDC with the U.S. Bankruptcy Court for the District of Delaware (the "**Delaware Court**").

7.     On April 28, 2014, the Petitioning Creditors filed the Trustee Motion [Doc. 11]. On April 30, 2014, Metropolitan Medical Group, LLC, filed its Notice of Withdrawal of Petitioning Creditor, withdrawing as a petitioning creditor [Doc. 18].

8.     On May 9, 2014, the Delaware Court transferred the SHDC case to this Court.

9.     While the case was being transferred from the Delware Court to this Court, SHDC secured from certain of the Petitioning Creditors an extension of time to respond to the Trustee Motion [Doc. 45].

10.    From and after docketing of the SHDC case with this Court, the Petitioning Creditors have neither appeared through counsel admitted to practice before the Court, nor prosecuted their Trustee Motion.  Moreover, while Phillips Goldman has not withdrawn, no one from the firm has sought admission *pro hac vice*.

11.    On May 21, 2014, SHDC filed an *Answer and Consent to Entry for Relief*, and the Bankruptcy Court entered an Order for Relief for SHDC.  Also on May 21, 2014, all of the Debtors (except SHDC) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

12.    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.    No trustee or examiner has been appointed in these cases.

14.    The Official Committee of Unsecured Creditors was appointed by the U.S. Trustee on May 28, 2014.

15.     After lenghty hearings conducted on May 23, May 29 and May 30, 2014, the Court on June 2, 2014 entered (a) an interim order authorizing the Debtors to enter into a $15 million post-petition finacing facility with DC Acquisitions LLC and (b) an order approving, among other things, procedures for the sale of substantially all of the Debtors' assets and assumption and assignment of certain agreements.

16.     No firm has entered an appearance for the Petitioning Creditors in this Court.

17.     Believing that the Trustee Motion lacks merit, particularly in light of the progress made in these cases since May 21, 2014, SHDC has requested additional extensions of time for responding to the Trustee Motion or clarification as to whether the Petitioning Creditors intend to prosecute the Trustee Motion.  SHDC has received no response to its inquiries.

## The Trustee Motion Should Be Denied

17.     The Debtors request that the Court enter an order denying the Trustee Motion.

18.     Given the lack of any action by the Petitioning Creditors to prosecute the Trustee Motion or even to respond to whether they intend to prosecute the Trustee Motion, SHDC believes that the Petitioning Creditors have abandoned the Trustee Motion.  As a result, SHDC should not be required to spend substantial resources, including substantial resources briefing the matter, if the Petitioning Creditors indeed are not prosecuting, and do not intend to prosecute, the Trustee Motion.

19.     In any event, the Trustee Motion lacks merit.  If forced to defend, SHDC would establish that the Trustee Motion rests upon irrelevant and incorrect assertions and misleading implications about it.  Many of the allegations, such as those concerning the Medicaid judgment,

concern SHDC's financial liabilities and are irrelevant as a matter of law.[3] Other allegations, such as those relating to overpayments, are misleading because they imply that SHDC has engaged in misconduct when in fact SHDC has been completely transparent with the relevant agencies concerning its entitlement (or not) to interim payments.

20.    There is no dispute that SHDC experienced pre-petition financial difficulties, but those difficulties have been eased by the post-petition financing facility approved by the Court. Moreover, SHDC's management team has been and remains competent. In an area of paramount concern, management has maintained the high quality of patient care at the Facilities. Furthermore, during the course of these chapter 11 cases, management has demonstrated an ability to work through the bankruptcy process, obtaining court approval of a process for marketing and selling its assets to the highest and best bidder, with a sale hearing scheduled for June 25, 2014.

21.    In light of the foregoing, and under all of the circumstances, even if the Petitioning Creditors appear through counsel admitted to practice before the Court, appointment of a trustee for SHDC would not be warranted.

22.    The Debtors reserve all rights to defend, including the right to supplement this Opposition with additional facts, points and authorities if the Petitioning Creditors appear in this Court and indicate their intention to prosecute the Trustee Motion.

---

[3]    Section 1104 specifically excludes from consideration "the amount of assets or liabilities of the debtor."

WHEREFORE, the Debtors request that the Court deny the Trustee Motion and grant such other relief as is just and proper.

Dated: June 11, 2014

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ *Patrick Potter*
Patrick Potter (426514)
Jerry Hall (976461)
Dania Slim (991689)
2300 N Street, NW
Washington, DC 20037-1122
Telephone:  (202) 663-8000
Facsimile:  (202) 663-8007
patrick.potter@pillsburylaw.com
jerry.hall@pillsburylaw.com
dania.slim@pillsburylaw.com

Andrew M. Troop (admitted *pro hac vice*)
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

*Counsel for Debtors*