**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*,<br><br>Debtors.[1] | Case Nos. 14-00279 and<br>14-00295 through 14-00300<br><br>(Chapter 11)<br><br>(Jointly Administered Under Case No. 14-00279) |

### DEBTORS' MOTION TO DISMISS CHAPTER 11 CASES

Pursuant to sections 105(a), 305(a) and 1112(b) of the U.S. Bankruptcy Code[2] and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure, Specialty Hospital of Washington, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully request that the Court dismiss these bankruptcy cases.[3]

### Preliminary Statement

Following the sale of the Debtors' healthcare businesses, the Debtors investigated claims and liquidated their remaining assets. The Debtors believe that all postpetition administrative expenses incurred in the ordinary course of the Debtors' businesses have been paid, except for relatively modest amounts of professional fees and expenses for the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**"). The Committee and the Debtors have concluded that there are no causes of action worthy of pursing; moreover, the Debtors lack the

---

[1] The debtors in these chapter 11 cases and each debtor's federal identification number ("**EIN**") and chapter 11 case number are: Specialty Hospital of Washington, LLC (EIN: 81-0681352; Case No. 14-00279), Specialty Hospital of America, LLC (EIN: 81-0681347; Case No. 14-00295), SHA Holdings, Inc. (EIN: 20-5741943; Case No. 14-00296), SHA Management, LLC (EIN: 81-0681350; Case No. 14-00297), Specialty Hospital of Washington Nursing Center, LLC (EIN: 81-0681348; Case No. 14-00298), Specialty Hospital of Washington Hadley, LLC (EIN: 20-5752586; Case No. 14-00299), and SHA Hadley SNF, LLC (EIN: 20-5741976; Case No. 14-00300).

[2] 11 U.S.C. §§ 101–1536 (2012) (the "**Bankruptcy Code**").

[3] Pursuant to Rule 9013-1(b)(2) of the Local Bankruptcy Rules of this Court, Movants exercise their right to combine the memorandum of facts and law with this Motion.

resources with which to fund (and there is no reason to file) a chapter 11 plan. The circumstances of these cases, therefore, do not justify the filing of a liquidating plan and warrant dismissal. To be clear, the Debtors are not seeking Court approval of any releases or of any distributions as part of the dismissal of their cases.

In further support of this Motion, the Debtors state as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

**A. General Case Background**

2. The Debtors collectively owned and operated two long-term acute care hospitals, each of which had an accompanying skilled nursing facility. One facility was located at 4601 Martin Luther King Jr. Avenue, SW, Washington, DC (the "**Hadley Facility**"). The Hadley Facility housed an 82-bed long-term acute care hospital, a 62-bed skilled nursing facility, and a surgical suite primarily for the benefit of the Hadley Facility's patients. The other facility was located at 700 Constitution Avenue, NE, Washington, DC (the "**Capitol Hill Facility**"). The Capitol Hill Facility housed a 60-bed long-term acute care hospital and a 117-bed skilled nursing facility.

3. On April 23, 2014, an involuntary petition for relief under chapter 11 of the Bankruptcy Code was filed against Specialty Hospital of Washington, LLC ("**SHW**"). On May 21, 2014, SHW filed an *Answer and Consent to Entry of Order for Relief*, and all of the other Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Later

that day, the Court entered orders for relief for all of the Debtors under either section 301(b) or 303(h) of the Bankruptcy Code (the "**Commencement Date**").

4. The Debtors continue as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Committee was appointed by the U.S. Trustee on May 28, 2014. No trustee or examiner has been appointed in these cases.

6. General information about the Debtors, their businesses, assets and liabilities, and the events leading to their bankruptcy cases are detailed in the *Declaration of Edwin Clark, Chief Financial Officer of the Debtors, in Support of First Day Motions* (Doc. 73).

### B.  Sale of the Debtors' Assets

7. On June 30, 2014, this Court approved the sale of substantially all of the Debtors' assets to DCA Acquisition, LLC ("**DCA**"). See Doc. 335. Although the asset purchase agreement between DCA and the Debtors originally contemplated a closing date of August 15, 2014, the closing was extended multiple times to permit DCA additional time to obtain regulatory approval and agreements with various government revenue sources that were conditions precedent to closing. On December 18, 2014, after DCA obtained the necessary approvals, the sale closed. See Doc. 765.

### C.  No Remaining Assets and Accrued Administrative Expenses

8. Since December 18, 2014, the Debtors have focused on post-closing transition, estate administration, claims investigation, and other issues; working with relevant parties in interests such as the U.S. Trustee and the Committee.

9. In connection with the Debtors' claims investigation, on January 6, 2015, this Court authorized the retention of Sills Cummis & Gross, P.C. as special counsel to investigate

potential claims and causes of action for negligence and other torts, and claims arising under section 548 of the Bankruptcy Code. See Doc. 780. After reviewing Sills Cummis & Gross, P.C.'s investigation and report, the Committee and the Debtors concluded that there are no tort or section 548 claims or causes of actions worthy of pursuing.

10.  The Debtors also worked on collecting their remaining assets, including closing out certain insurance policies with the Debtors' former workers' compensation insurance provider ("**AIG**") and negotiating the return of certain cash collateral. To that end, on May 25, 2016, the Court approved a settlement with AIG that resulted in the return of $492,171 to the Debtors from cash collateral posted with AIG prior to the Commencement Date (the "**AIG Settlement**"). See Doc. 958. The Debtors used the proceeds from the AIG Settlement to pay outstanding administrative expenses. The Debtors believe that all postpetition administrative expenses have been paid, except for certain professional fees and expenses of Debtors' counsel and the Committee's counsel. The Debtors have no remaining assets to administer or funds with which to pay modest outstanding professional fees of the Debtors and the Committee.

## Basis for the Relief Requested

11.  The Debtors seek entry of an order, substantially in the form submitted as Exhibit A, dismissing these chapter 11 cases. The Debtors also request that the Court terminate Kurtzman Carson Consultants' ("KCC") employment and the noticing, claims and balloting services (collectively, the "Services") provided by KCC pursuant to the *Order Granting Debtors' Application for Authority to Employ and Retain Kurtzman Carson Consultants LLC as Noticing, Claims, and Balloting Agent* [Doc. 362] (the "KCC Retention Order"). Upon termination of the Services, KCC shall have no further obligations under the KCC Retention Order to the Court or any party in interest in these chapter 11 cases.

### A.    Cause for Dismissal Under Section 1112(b)

12.    Section 1112(b) of the Bankruptcy Code allows bankruptcy courts to dismiss a chapter 11 case for cause:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Section 1112(b)(4) provides sixteen non-exclusive statutory grounds for dismissal, all of which constitute "cause." Examples of cause under section 1112(b)(4) include (a) failure to file or confirm a plan within the time fixed by the Bankruptcy Code or by order of the court, and (b) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. See 11 U.S.C. § 1112(b)(4)(A), (J).

13.    *Here*, substantial cause exists to dismiss these chapter 11 cases. The Debtors do not have the funds or resources to confirm or effectuate a chapter 11 plan. Additional professional fees and other administrative expenses, that the Debtor cannot pay, will continue to accrue if the Debtors remain in bankruptcy, creating substantial and continuing losses to the estates. There is also no likelihood of rehabilitation under section 1112(b)(4)(A); the Debtors sold their healthcare businesses more than a year ago and have liquidated their remaining assets. Consequently, any effort to pursue confirmation of a plan will serve no purpose.

### B.    Dismissal is in the Best Interests of Creditors and the Debtors' Estates

14.    Once a court determines that cause exists to dismiss a chapter 11 case, the court must evaluate whether dismissal is in the best interests of creditors and the estate. See Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.), 14 F.3d 240, 242

(4th Cir. 1994).[4]  Dismissal is in the best interest of creditors where, *as here*, a debtor has nothing left to reorganize and the debtor's assets are fixed and liquidated.  See In re Biolitec, Inc., 528 B.R. 261, 267 (Bankr. D.N.J. 2014) ("Dismissal may be appropriate where a debtor's assets have been liquidated and there is nothing left to reorganize."); In re Brogdon Inv. Co., 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (dismissing chapter 11 case where there was "simply nothing to reorganize" and "no reason to continue the reorganization").

15. The alternative to dismissal—conversion to chapter 7—will impose significant and unnecessary administrative costs with no correlative benefit for the Debtors' estates because there are no assets left to administer.  Unlike conversion, dismissal of these chapter 11 cases will stop the accrual of administrative expenses.

16. Moreover, where creditors and parties in interest agree on the ultimate disposition of the case, the test regarding the best interests of creditors is met.  See Camden Ordinance Mfg. Co. of Ark. v. U.S. Trustee (In re Camden Ordinance Mfg. Co. of Ark.), 245 B.R. 794, 799 (E.D. Pa. 2000); In re Mazzocone, 183 B.R. 402, 411–12 (Bankr. E.D. Pa. 1995), aff'd, 200 B.R. 568 (E.D. Pa. 1996).  Upon information and belief, neither the Committee nor the U.S. Trustee oppose the dismissal of these chapter 11 cases.

## Conclusion

17. For the foregoing reasons, the Court should grant this Motion.

---

[4] In addition to section 1112(b), section 305(a)(1) of the Bankruptcy Code also gives the Court statutory legal authority to dismiss these chapter 11 cases.  See, e.g., In re Naartjie Custom Kids, Inc., 534 B.R. 416 (Bankr. D. Utah 2015).  Although traditionally used by courts to dismiss involuntary cases, section 305(a)(1) provides that a bankruptcy court may dismiss or suspend all proceedings in a bankruptcy case at any time if "the interests of creditors and the debtor would be better served by such dismissal or suspension."

WHEREFORE, the Debtors respectfully request that the Court grant this Motion and enter an order, substantially in the form submitted as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated:  April 27, 2018

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

/s/ *Patrick Potter*
Patrick Potter (426514)
Dania Slim (991689)
1200 Seventeenth Street NW
Washington, DC 20036
Telephone:  (202) 663-8000
Facsimile:  (202) 663-8007
patrick.potter@pillsburylaw.com
dania.slim@pillsburylaw.com

Andrew M. Troop (admitted *pro hac vice*)
1540 Broadway
New York, NY 10036-4039
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

*Counsel for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>SPECIALTY HOSPITAL OF<br>WASHINGTON, LLC, *et al.*,<br><br>Debtors.[1] | Case Nos. 14-00279 and<br>14-00295 through 14-00300<br><br>(Chapter 11)<br><br>(Jointly Administered Under<br>Case No. 14-00279) |

## ORDER DISMISSING CHAPTER 11 CASES

Upon consideration of the Debtors' *Motion to Dismiss Chapter 11 Cases* (the "**Motion**");[2] the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) adequate notice of the Motion and the hearing thereon was given under the

---

[1] The debtors in these chapter 11 cases and each debtor's federal identification number ("**EIN**") and chapter 11 case number are:  Specialty Hospital of Washington, LLC (EIN: 81-0681352; Case No. 14-00279), Specialty Hospital of America, LLC (EIN: 81-0681347; Case No. 14-00295), SHA Holdings, Inc. (EIN: 20-5741943; Case No. 14-00296), SHA Management, LLC (EIN: 81-0681350; Case No. 14-00297), Specialty Hospital of Washington Nursing Center, LLC (EIN: 81-0681348; Case No. 14-00298), Specialty Hospital of Washington Hadley, LLC (EIN: 20-5752586; Case No. 14-00299), and SHA Hadley SNF, LLC (EIN: 20-5741976; Case No. 14-00300).

[2] Capitalized terms not defined in this Order have the meanings given to them in the Motion.

circumstances and that no other or further notice is necessary; and (iv) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors and other parties in interest,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to sections 105(a) and 1112(b), these chapter 11 cases are dismissed.

3. The noticing, claims and balloting services provided by Kurtzman Carson Consultants ("KCC") pursuant to the *Order Granting Debtors' Application for Authority to Employ and Retain Kurtzman Carson Consultants LLC as Noticing, Claims, and Balloting Agent* [Doc. 362] (the "KCC Retention Order") and KCC's employment are hereby terminated. KCC shall have no further obligations under the KCC Retention Order to the Court or any party in interest in these chapter 11 cases.

4. The Debtors are authorized and empowered to take any action necessary to implement and effectuate the terms of this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

cc:

All attorneys who have entered an appearance and who are registered e-filers.

4812-9581-4754.v3